## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AMANDEEP GYANI, ABBY UTAL, HECTOR ACOSTA, JULEZ BLAKE, DEBORAH TOMAZ, ROYA SAYIED, PAULA MARTINEZ, and ALEXANDRIA REESE, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-22651-BB **CLASS ACTION** **JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| LULULEMON ATHLETICA INC. and LULULEMON USA INC., | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

LEGAL STANDARD ............................................................................................................. 4

ARGUMENT ....................................................................................................................... 4

I.     PLAINTIFFS LACK ARTICLE III STANDING (COUNTS I-V) .................................... 4

II.    THE COURT LACKS PERSONAL JURISDICTION OVER THE NONRESIDENT PLAINTIFFS' STATE-LAW CLAIMS (COUNTS II-IV) .................. 6

III.   PLAINTIFFS FAIL TO STATE ANY CONSUMER PROTECTION CLAIM (COUNTS I-IV) ............................................................................................................ 7

     A.    Plaintiffs Have Not Adequately Pled Facts in Support of Any of Their Claims Under Either Rule 9(b) or Rule 8(a) (Counts I-V) ...................... 7

     B.    Plaintiffs Fail to Adequately Allege Any Actionable Deception (Counts I-V) ........................................................................................................................ 9

          1.    lululemon's Statements are Inactionable Goals .......................... 9

          2.    lululemon's Statements Were Approved by a Neutral Third-Party ......... 12

          3.    lululemon's Statements Are Too Subjective to be Actionable ................ 13

          4.    lululemon's Statements are Contextualized ............................... 14

     C.    Plaintiffs Do Not Adequately Plead Reliance or Causation (Counts I-IV) .......... 15

     D.    Plaintiffs' Consumer Protection Claims Fail for Additional Reasons ................. 16

          1.    Plaintiffs' NYGBL Claim Fails Because the Only New York Plaintiff Does Not Allege a Deceptive Transaction Occurred in New York (Count II) ............................................................................... 16

          2.    Plaintiffs Fail to Adequately Plead Any Violation of the UCL (Count IV) ................................................................................................ 16

          3.    The Court Lacks Jurisdiction to Grant Plaintiffs Equitable Relief Pursuant to Their UCL Claim (Count IV) ................................. 17

          4.    Plaintiffs Do Not Satisfy the CLRA Pleading Requirements (Count III) ................................................................................................ 17

          5.    Plaintiffs Cannot Pursue a Nationwide FDUTPA Claim (Count I) .......... 18

          6.    Certain Plaintiffs' Consumer Protections Claims Are Barred by Statutes of Limitations (Counts II-III) ................................. 18

IV.   PLAINTIFFS FAIL TO STATE AN UNJUST ENRICHMENT CLAIM (COUNT V) ........................................................................................................................... 18

V.    PLAINTIFFS LACK STANDING TO PURSUE PROSPECTIVE INJUNCTIVE
      RELIEF (COUNTS I-IV) ............................................................................................... 19

CONCLUSION .................................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Dental Ass'n v. Cigna Corp.*,
605 F.3d 1283 (11th Cir. 2010) ....................................................................8

*Angiano v. Anheuser-Busch InBev Worldwide*,
532 F. Supp. 3d 911 (C.D. Cal. 2021) ........................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................4

*Bain v. Jockey Club Tech. Servs., Inc.*,
2007 WL 9706994 (S.D. Fla. Oct. 2, 2007) .............................................4, 7

*Baptist Hosp., Inc. v. Baker*,
84 So. 3d 1200 (Fla. Dist. Ct. App. 2012) ..................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................4

*Bettles v. Toyota Motor*,
2022 WL 1619337 (C.D. Cal. May 23, 2022) ...........................................19

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*,
582 U.S. 255 (2017) ......................................................................................6

*Broodie v. Target*,
2024 WL 3341342 (M.D. Fla. June 6, 2024) ..............................................5

*Cold Stone Creamery v. Lenora Foods*,
332 F. App'x 565 (11th Cir. 2009) ............................................................15

*Collyer v. Catalina Snacks Inc.*,
712 F. Supp. 3d 1276 (N.D. Cal. 2024) ....................................................15

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ......................................................................................6

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006) ......................................................................................6

*Davis v. Fed. Election Comm'n*,
554 U.S. 724 (2008) ......................................................................................4

*Dobkin v. HUB Int'l,*
    222 A.D.3d 583 (1st Dep't 2023) ......................................................................15

*Dolan v. JetBlue Airways Corp.,*
    385 F. Supp. 3d 1338 (S.D. Fla. 2019) ...........................................................18, 19

*Dwyer v. Allbirds, Inc.,*
    598 F. Supp. 3d 137 (S.D.N.Y. 2022)...............................................7, 11, 12, 13

*Fineman v. Ferragamo USA Inc.,*
    672 F. Supp. 3d 1302 (S.D. Fla. 2023) ..............................................................13

*FTC v. Peoples Credit First,*
    2005 WL 3468588 (M.D. Fla. Dec. 18, 2005) ....................................................14

*Garfield v. NDC Health Corp.,*
    466 F.3d 1255 (11th Cir. 2006) ............................................................................8

*Goshen v. Mut. Life Ins. Co. of N.Y.,*
    98 N.Y.2d 314 (2002) ........................................................................................16

*Gould v. Helen of Troy Ltd.,*
    2017 WL 1319810 (S.D.N.Y. Mar. 30, 2017) ....................................................18

*Guerrero v. Target,*
    889 F. Supp. 2d 1348 (S.D. Fla. 2012) ..............................................................19

*Hall v. SeaWorld Ent.,*
    2015 WL 965991 (S.D. Cal. Dec. 23, 2015)......................................................15

*Houston v. Marod,*
    733 F.3d 1323 (11th Cir. 2013) ..........................................................................20

*Hutson v. Rexall Sundown, Inc.,*
    837 So.2d 1090 (Fla. Dist. Ct. App. 2003) ........................................................18

*Ingrami v. Rovner,*
    45 A.D.3d 806 (2d Dep't 2007) ..........................................................................19

*Jackson v. Anheuser-Busch InBev SA/NV,*
    2021 WL 3666312 (S.D. Fla. Aug. 18, 2021).............................................4, 7, 19

*Justice v. Rheem Mfg. Co.,*
    318 F.R.D. 687 (S.D. Fla. 2016)........................................................................15

*Kearns v. Ford Motor,*
    567 F.3d 1120 (9th Cir. 2009) ............................................................................16

*In re KIND LLC "Healthy & All Nat." Litig.*,
   209 F. Supp. 3d 689 (S.D.N.Y. 2016)......................................................................15

*Kommer v. Bayer*,
   252 F. Supp. 3d 304 (S.D.N.Y. 2017)......................................................................14

*Kraukauer v. Recreational Equip.*,
   2024 WL 1494489 (W.D. Wash. Mar. 29 2024) ........................................................5

*Kuenzig v. Kraft Foods*,
   2011 WL 4031141 (M.D. Fla. Sept. 12, 2011) ........................................................15

*Kurimski v. Shell Oil Co.*,
   570 F. Supp. 3d 1228 (S.D. Fla. 2021) ....................................................................14

*Lee v. Can. Goose*,
   2021 WL 2665955 (S.D.N.Y. June 29, 2021) ..........................................................11

*Leonard v. Abbott Labs, Inc.*
   2012 WL 764199 (E.D.N.Y. Mar. 5, 2012) ..............................................................13

*Levitt v. Yelp! Inc.*,
   2011 WL 5079526 (N.D. Cal. Oct. 26, 2011)..........................................................17

*Lewis v. Mercedes-Benz USA*,
   530 F. Supp. 3d 1183 (S.D. Fla. 2021) ..................................................................6, 7

*Licul v. Volkswagen,*
   2013 WL 6328734 (S.D. Fla. Dec. 5, 2013) ............................................................19

*Lizama v. H&M Hennes & Mauritz LP*,
   2023 WL 3433957 (E.D. Mo. May 12, 2023) ..........................................................14

*L.M.P. ex rel. E.P. v. Sch. Bd. of Broward Cnty., Fla.*,
   879 F.3d 1274 (11th Cir. 2018) ................................................................................5

*Lombardo v. J&J Consumer Cos*.,
   124 F. Supp. 3d 1283 (S.D. Fla. 2015) ....................................................................15

*Lugones v. Pete & Gerry's Organic, LLC*,
   440 F. Supp. 3d 226 (S.D.N.Y. 2020)......................................................................13

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992).............................................................................................6, 20

*McGinity v. Procter & Gamble Co.*,
   69 F.4th 1093 (9th Cir. 2023) ..................................................................................7

*In re Mednax*,
    603 F. Supp. 3d 1183 (S.D. Fla. 2022) .........................................................................17, 18

*Millennium Commc'ns & Fulfillment, Inc. v. Off. of Att'y Gen.*,
    761 So. 2d 1256 (Fla. Dist. Ct. App. 2000) ........................................................................18

*MSPA Claims 1 v. Tenet Fla.*,
    918 F.3d 1312 (11th Cir. 2019) ...........................................................................................5

*Myers v. Starbucks*,
    2020 WL 13302437 (C.D. Cal. July 29, 2020)....................................................................12

*Myers-Taylor v. Ornua Foods N. Am.*,
    2019 WL 424703 (S.D. Cal. Feb. 4, 2019) .........................................................................13

*Naimi v. Starbucks*,
    798 F. App'x 67 (9th Cir. 2019) ..........................................................................................5

*Nivia v. Nationstar Mortg.*,
    2014 WL 4146889 (S.D. Fla. Aug. 21, 2014).....................................................................10

*Palmer v. Apple Inc.*,
    2016 WL 1535087 (N.D. Cal. Apr. 15, 2016) .....................................................................17

*Patt v. Volkswagen Grp. of Am., Inc.*,
    688 F. Supp. 3d 1186 (S.D. Fla. 2023) ................................................................................7

*PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*,
    2013 WL 12172912 (M.D. Fla. Aug. 28, 2013) ...................................................................8

*Perret v. Wyndham Vacation Resorts, Inc.*,
    846 F. Supp. 2d 1327 (S.D. Fla. 2012) ................................................................................8

*Peruyero v. Airbus, S.A.S.*,
    83 F. Supp. 3d 1283 (S.D. Fla. 2014) ..................................................................................4

*Philips v. Ford Motor Co.*,
    2015 WL 4111448 (N.D. Cal. July 7, 2015)........................................................................17

*Piescik v. CVS Pharm., Inc.*,
    576 F. Supp. 3d 1125 (S.D. Fla. 2021) ......................................................................7, 9, 20

*Plumlee v. Pfizer, Inc.*,
    2014 WL 695024 (N.D. Cal. Feb. 21, 2014) ......................................................................18

*Podpeskar v. Dannon Co.*,
    2017 WL 6001845 (S.D.N.Y. Dec. 3, 2017) ......................................................................11

*Prince-Weithorn v. GMAC Mortg., LLC*,
    2011 WL 11651984 (C.D. Cal. May 5, 2011) ........................................................................17

*Ramirez v. Kraft Heinz Foods Co.*,
    684 F. Supp. 3d 1253 (S.D. Fla. 2023) .................................................................................5

*Reitman v. Champion Petfoods USA, Inc.*,
    2019 WL 7169792 (C.D. Cal. Oct. 30, 2019) .....................................................................7

*Reynolds v. Lifewatch, Inc.*,
    136 F. Supp. 3d 503 (S.D.N.Y. 2015) ...............................................................................16

*Rodriguez v. JPay, Inc.*,
    2019 WL 11624312 (S.D. Fla. Oct. 21, 2019) ...................................................................10

*Salas v. Whirlpool*,
    2024 WL 694067 (C.D. Cal. Jan. 24, 2024) ......................................................................15

*Sonner v. Premier Nut. Corp.*,
    971 F.3d 834 (9th Cir. 2020) .............................................................................................17

*State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery*,
    278 F. Supp. 3d 1307 (S.D. Fla. 2017) ...............................................................................8

*Steiner v. Vi-Jon Inc.*,
    2024 WL 1181002 (N.D. Cal. Mar. 18, 2024) ...................................................................18

*Stutman v. Chem. Bank*,
    95 N.Y.2d 24 (2000) ...........................................................................................................9

*Swartz v. Coca-Cola Co.*,
    2023 WL 4828680 (N.D. Cal. July 27, 2023) ...................................................................12

*Taylor v. Homecomings Fin., LLC*,
    738 F. Supp. 2d 1257 (N.D. Fla. 2010) .............................................................................15

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) .............................................................................................................4

*Tsao v. Captiva MVP Rest. Partners, LLC*,
    986 F.3d 1332 (11th Cir. 2021) ...........................................................................................5

*Twohig v. Shop-Rite Supermarkets, Inc.*,
    519 F. Supp. 3d 154 (S.D.N.Y. Feb. 11, 2021) ..................................................................7

*United States ex rel. Osheroff v. Humana Inc.*,
    776 F.3d 805 (11th Cir. 2015) .............................................................................................2

*Valiente v. Publix Super Mkts.*,
  2023 WL 3620538 (S.D. Fla. May 24, 2023) ...................................................................5, 6

*Vargas v. JP Morgan Chase Bank,*
  30 F. Supp. 3d 945 (C.D. Cal. 2014) .................................................................................16

*Webb v. 1300 S. Miami Emp., LLC,*
  2022 WL 2528624 (S.D. Fla. July 7, 2022)........................................................................9

*Williams v. Reckitt Benckiser LLC,*
  65 F.4th 1243 (11th Cir. 2023) .........................................................................................20

*Zlotnick v. Premier Sales Grp.*,
  480 F.3d 1281 (11th Cir. 2007) ..........................................................................................9

**Statutes**

Cal. Bus. & Prof. Code § 17200 .............................................................................................16

Cal. Civ. Code § 1780 .............................................................................................................18

Cal. Civ. Code § 1782 .............................................................................................................18

NYGBL § 349 .........................................................................................................................16

**Rules**

Fed. R. Civ. P. 8.................................................................................................................1, 9

Fed. R. Civ. P. 9.................................................................................................1, 4, 8, 19

Fed. R. Civ. P. 12..................................................................................................................5

Defendants lululemon athletica inc. ("lululemon athletica") and lululemon usa inc. ("lululemon usa") (collectively, "lululemon" or the "Company"), respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the First Amended Complaint (the "Amended Complaint" or "AC") pursuant to Rules 8, 9(b), 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

lululemon is a global athletic apparel company that is deeply committed to responsibly addressing its environmental impact. In 2020, lululemon issued an Impact Agenda setting out its environmental goals, which it clearly and repeatedly described as "forward-looking" targets that spanned the course of the next decade. Each year since, lululemon has released an annual Impact Report transparently discussing the work undertaken towards those goals and the level of progress achieved in a given year. In this lawsuit, Plaintiffs blatantly mischaracterize lululemon's targets as "promises" and misconstrue statements divorced from their context in order to spin a baseless greenwashing claim. Plaintiffs' narrative is unsupported by a single well-pleaded factual allegation demonstrating that any of lululemon's statements concerning its environmental goals or progress were false or deceptive. The Amended Complaint should be dismissed on any one of the following independent grounds.

*First*, Plaintiffs fail to allege facts satisfying either the injury-in-fact or causal connection elements of Article III standing. Not one of the Plaintiffs pleads: which of lululemon's statements, if any, they saw; when they purportedly saw the statements; when they purportedly purchased lululemon products as a result of the statements; or which lululemon products they purportedly purchased. *Second*, the Court lacks personal jurisdiction over the nonresident New York and California Plaintiffs (Alexandria Reese and Roya Sayied, respectively) because these plaintiffs do not and cannot allege any connection between their claims and Florida. *Third*, Plaintiffs fail to plead any actionable deception. Plaintiffs' claims are grounded in fraud, but their allegations lack the particularity required by Rule 9(b). Indeed, Plaintiffs' claims fail to meet Rule 8's plausibility standard, including because they have not pled facts making it plausible that they suffered any injury as a result of lululemon's statements, nor that a reasonable consumer would have been deceived. In reality, as is clear on the face of the disclosures upon which Plaintiffs rely, lululemon's statements are accurate, contextualized, forward-looking, approved by a neutral third-party, and/or too subjective to be actionable. *Fourth*, each of Plaintiffs' claims suffer from a myriad of

additional pleading deficiencies. For example, the sole New York Plaintiff only alleges that she purchased products in New Jersey, and thus cannot assert a claim under New York's General Business Law. Further, while the sole California Plaintiff purports to bring claims under each prong of California's Unfair Competition Law, she fails to allege facts establishing the elements of any of these prongs. The California Plaintiff also cannot seek equitable relief because she has not and cannot allege that she lacks an adequate remedy at law. Additionally, Plaintiffs' attempt to assert Florida claims on behalf of a putative nationwide class fails as a matter of law because lululemon is not a Florida company and they allege no basis to apply Florida's laws extraterritorially. Further, the NYGBL and CLRA claims of certain named plaintiffs and putative class members are time barred. **Fifth**, Plaintiffs' unjust enrichment claims fail for the same reasons as their deficient consumer protection claims. The unjust enrichment claims also rely on the same factual predicates as the consumer protection claims and are thus not a true alternative theory of relief. Further, Plaintiffs cannot bring an unjust enrichment claim on behalf of a putative nationwide class given the substantial variations in state laws. **Sixth**, Plaintiffs lack standing to seek prospective injunctive relief, as they are now aware of the supposed risk of "deception" and have not plausibly alleged they are at imminent risk of suffering a similar harm again in the future.

For these reasons, the Court should dismiss the Amended Complaint in its entirety.[1]

## STATEMENT OF FACTS[2]

In its 2020 Impact Agenda, lululemon outlined its "long-term strategy to become a more sustainable and equitable business," identifying "12 goals to drive progress" over the next decade. Ex. A at 1; *see generally* Ex. B. As part of this Agenda, lululemon set climate targets for greenhouse gas emissions that were externally validated by the Science Based Targets initiative ("SBTi"), an organization that develops standards and guidance allowing companies to set environmental targets consistent with the Paris Climate Agreement. Ex. B at 33. From the outset,

---

[1] Plaintiffs intend to file a motion voluntarily staying the claims of Plaintiffs Gyani and any other named plaintiff or putative class member that is subject to an arbitration provision. *See* Dkt. No. 21. Defendants reserve the right to move to compel arbitration of all such claims.

[2] "Ex. __" refers to exhibits attached to the accompanying Declaration of Pravin R. Patel. On this motion, the Court may consider facts from the Amended Complaint, documents incorporated therein, and documents relied on by Plaintiffs in bringing suit. *See United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811-12 (11th Cir. 2015).

lululemon was clear that "[w]e have a long way to go to meet our goals. We'll scale our successes, learn from our setbacks, and will report on our environmental, social, and governance progress at least annually." *Id.* at 4.[3] Each year since, lululemon has provided detailed updates on the status of progress achieved in its annual Impact Report—frequently exceeding or meeting goals, and sometimes progressing more slowly than targeted, but always communicating exactly where the Company stood. Exs. C-E.

In the Amended Complaint, Plaintiffs challenge two categories of statements from the Impact Reports, Agenda, and Summary, among other disclosures: (1) statements about forward-looking environmental targets and progress towards those targets, *see* AC ¶¶ 5, 58, 67, 87-88, 92, 94, 97-99, 101, 106, 111; and (2) statements that lululemon is committed to contributing towards a healthier planet as reflected in its targets, *see id.* ¶¶ 2, 5-6, 56-60, 71, 76-81, 87-93, 100, 107-09. To be clear, Plaintiffs do not allege that any of lululemon's targets were not (and are not) genuinely held. Nor do Plaintiffs allege that lululemon's progress towards those targets was anything other than what it disclosed each year. Instead, Plaintiffs contend that lululemon's statements of genuinely held targets and accurate progress updates were nonetheless deceptive because, according to Plaintiffs, lululemon disclosed a "100% increase in climate pollution" in its 2022 Impact Report. *Id.* ¶ 64. That statistic does not appear in the Impact Report that Plaintiff cites, nor in any other disclosure identified by Plaintiffs. *See* Ex. B at 33, 41; Ex. C at 12, 43, 44; Ex. D at 18, 47. There is no such metric.

To the extent Plaintiffs rely upon lululemon's accurate progress updates concerning greenhouse gas emissions reduction targets, AC ¶¶ 11, 61, 66, 68, 84, 92, 106, the Amended Complaint is similarly devoid of facts demonstrating that any disclosure was deceptive. In its 2020 Impact Agenda, lululemon set forth goals for reducing its Scope 1, 2, and 3 emissions by 2030. *See* Ex. B at 33.[4, 5] lululemon has similarly made clear that, as a "high-growth company," its Scope 3 target was one of intensity reduction, not absolute reduction. *See, e.g.*, *id.* at 33, 41; Ex. C

---

[3] *See, e.g.*, Ex. D at 15 ("We recognize that progress is rarely linear, and that we face significant industry-wide challenges that require us to partner and collaborate."); *see also id.* at 4, 47, 49.

[4] Scope 1 and 2 emissions are generated by lululemon's "[o]wned and operated" facilities, and Scope 3 emissions are generated across its global supply chain. Ex. C at 43.

[5] Contrary to Plaintiffs' assertions, *see, e.g.*, AC ¶ 103, lululemon has consistently disclosed that its Scope 1 and 2 emissions comprise a small percentage of its overall emissions in the very disclosures upon which Plaintiffs rely. *See, e.g.*, Ex. C at 44; Ex. D at 50.

at 12, 43, 44; Ex. D at 18, 47; Ex. F.

Plaintiffs do not dispute that lululemon met and exceeded its Scope 1 and 2 emissions reductions goals in 2021, nine years ahead of its 2030 target. *See* Ex. D at 53. Nor do Plaintiffs dispute the accuracy of lululemon's disclosures about the status of progress undertaken towards its Scope 3 emissions targets each year and Plaintiffs acknowledge, as they must, that lululemon has many years ahead to achieve its 2030 intensity reduction goal. *See* AC ¶¶ 5, 97; Ex. D at 18.

## LEGAL STANDARD

Plaintiffs bear the burden of demonstrating that they have Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430-31 (2021). To do so, a plaintiff must "demonstrate a concrete and particularized injury caused by the defendant." *Id.* at 423. Standing is required "for each claim [a plaintiff] seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). Under Rule 12(b)(2), "to withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the non-resident defendant." *Peruyero v. Airbus, S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014). In ascertaining whether personal jurisdiction exists, courts must determine whether the applicable state long-arm statute is satisfied. *Id.* Florida's long-arm statute only hales a defendant into Florida court when the "cause of action . . . [arises] out of [defendant's] alleged contacts with the forum." *Bain v. Jockey Club Tech. Servs., Inc.*, 2007 WL 9706994, at *3 (S.D. Fla. Oct. 2, 2007).

Because Plaintiffs' claims sound in fraud, they must satisfy Rule 9(b)'s heightened pleading standard. *See also Jackson v. Anheuser-Busch InBev SA/NV*, 2021 WL 3666312, at *4 (S.D. Fla. Aug. 18, 2021) (Bloom, J.). To satisfy Rule 9(b), the complaint must identify the "who, what, when, where, and how" of the alleged misconduct, as well as what is false or misleading about the challenged statements, and why it is false. *Id.* To avoid dismissal under Rule 12(b)(6), Plaintiffs must "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## ARGUMENT

## I.   PLAINTIFFS LACK ARTICLE III STANDING (COUNTS I-V)

To satisfy Article III standing, Plaintiffs must demonstrate: "(1) an injury in fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the

injury will be redressed by a favorable decision." *L.M.P. ex rel. E.P. v. Sch. Bd. of Broward Cnty., Fla.*, 879 F.3d 1274, 1281 (11th Cir. 2018). An injury-in-fact must be both particularized and concrete. *See MSPA Claims 1 v. Tenet Fla.,* 918 F.3d 1312, 1318 (11th Cir. 2019). At the pleading stage, "a plaintiff must set forth general factual allegations that 'plausibly and clearly allege a concrete injury,' . . . and that injury must be 'actual or imminent, not conjectural or hypothetical.' . . . '[M]ere conclusory statements[] do not suffice.'" *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337-38 (11th Cir. 2021). The Amended Complaint fails to adequately plead both an injury-in-fact and a causal connection.

Regarding the ***injury-in-fact requirement***, Plaintiffs do not allege that they did not receive the goods they purchased from lululemon, or that those goods were defective. Instead, Plaintiffs contend that if they had known the proverbial "truth" about lululemon's environmental efforts, they would not have purchased those products at such a premium. AC ¶¶ 139, 184. Damages theories predicated on "a price premium due to . . . purported [misrepresentations]" do not satisfy the injury-in-fact requirement where the "complaint is devoid of any factual support for the idea that [a product is], in fact, worth less than the stated price[.]" *Valiente v. Publix Super Mkts.*, 2023 WL 3620538, at *3 (S.D. Fla. May 24, 2023); *Naimi v. Starbucks*, 798 F. App'x 67, 70 (9th Cir. 2019) ("bare recitation of the word 'premium' does not adequately allege a cognizable injury"); *Krakauer v. Recreational Equip.*, 2024 WL 1494489, at *7 (W.D. Wash. Mar. 29, 2024) ("bald assertion that [plaintiff] would have paid less or not purchased the [product]" is "fatal"). That is precisely the case here. Plaintiffs allege no facts to support a plausible inference that they paid a premium for any of lululemon's products. Plaintiffs do not allege what goods they purchased, how much they paid for those goods, how much they would have paid for those goods absent the alleged misrepresentations, or whether and where they could have bought those goods elsewhere. Nor do Plaintiffs allege that the prices of lululemon's products increased *after* the alleged misrepresentations were made, let alone that any such increase was the result of the alleged misrepresentations and not the many other reasons that product prices increase over time. This is fatal to their price premium theory. Plaintiffs' boilerplate allegations of a price premium are thus insufficient. *See, e.g.*, *Broodie v. Target*, 2024 WL 3341342, at *2-3 (M.D. Fla. June 6, 2024) (allegation that plaintiff "paid more for the Product and would not have paid as much if [she] knew" the alleged misrepresentation was false "do[es] not establish standing"); *Ramirez v. Kraft Heinz Foods Co.*, 684 F. Supp. 3d 1253, 1259-60 (S.D. Fla. 2023) (Bloom, J.) (plaintiff lacks

standing to assert FDUTPA and tag-along claims when the complaint "contains no factual allegations of the price she might have paid" absent the alleged deception).

Regarding the ***causal connection requirement***, Plaintiffs fail to allege facts demonstrating a connection between any of lululemon's statements and any of Plaintiffs' purported injuries, let alone for all of Plaintiffs' claims, as is required. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (standing must be demonstrated "for each claim [a plaintiff] seeks to press"); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (plaintiff must allege for every claim "a causal connection between the injury and the conduct complained of"). While Plaintiffs challenge certain of lululemon's statements, they do not allege when lululemon made each statement, which statement each Plaintiff saw or when, or when each Plaintiff purchased each product at issue. It is axiomatic that if a Plaintiff did not see a statement before purchasing a product, that statement could not have caused the purchase or any injury. Indeed, on the face of the Amended Complaint, it is impossible to know whether any Plaintiff had even seen a single alleged misrepresentation at the time of any purchase. Plaintiffs thus cannot trace their alleged injuries to lululemon's statements. *See infra* Section III.A; *Valiente*, 2023 WL 3620538, at *3. For these reasons, Plaintiffs do not adequately allege any injury or causation sufficient to give them Article III standing.

## II.     THE COURT LACKS PERSONAL JURISDICTION OVER THE NONRESIDENT PLAINTIFFS' STATE-LAW CLAIMS (COUNTS II-IV)

To adequately plead that jurisdiction is proper in this forum for their NYGBL, CLRA, and UCL claims, the nonresident Plaintiffs Reese and Sayied must demonstrate either general or specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017). General jurisdiction is unavailable here, as the Supreme Court mandates that all-purpose jurisdiction is typically available only where the defendant is incorporated or maintains its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Plaintiffs concede: (1) lululemon athletica is incorporated in Delaware and has a principal place of business in Vancouver, British Columbia, AC ¶ 28; and (2) lululemon usa is incorporated in Nevada and also has a principal place of business in Vancouver. *Id.* ¶ 29.

Specific jurisdiction is likewise unavailable to nonresident Plaintiffs Reese and Sayied. "When a suit is brought as a purported class action, personal jurisdiction over each defendant is assessed with respect to the named plaintiffs' causes of action." *Lewis v. Mercedes-Benz USA*, 530 F. Supp. 3d 1183, 1226 (S.D. Fla. 2021). "In other words, in a class action, personal jurisdiction is based on a defendant's contacts with the forum state and actions giving rise to the named

plaintiffs' causes of action." *Id.* Florida's long-arm statute only hales a defendant into Florida court when the "cause of action . . . [arises] out of [defendant's] alleged contacts with the forum." *Bain*, 2007 WL 9706994, at \*3. Here, Plaintiffs Reese and Sayied allege no connection with Florida. Indeed, they are residents of New York and California, respectively, they purchased their lululemon products outside of Florida, and did not suffer any injury in Florida. AC ¶¶ 26-27. Thus, "Florida's long-arm statute simply does not apply to them." *Lewis*, 530 F. Supp. 3d at 1226 (dismissing NY and CA plaintiffs because plaintiffs had no alleged connection with Florida); *Bain*, 2007 WL 9706994, at \*3; *cf. Patt v. Volkswagen Grp. of Am., Inc.*, 688 F. Supp. 3d 1186, 1190-91 (S.D. Fla. 2023) (Bloom, J.) ("Although Plaintiff's harm may have arisen from Defendant's activity outside of Florida that was similar to Defendant's activity in Florida, that is not enough."). Because it cannot exercise personal jurisdiction over Plaintiffs Reese and Sayied, the Court should dismiss the NYGBL, CLRA, and UCL claims.

## III.   PLAINTIFFS FAIL TO STATE ANY CONSUMER PROTECTION CLAIM (COUNTS I-IV)

The Amended Complaint asserts four separate claims under state consumer protection statutes: FDUTPA; NYGBL; CLRA; and UCL (collectively, the "Consumer Protection Claims"). Each Consumer Protection Claim requires that Plaintiffs plead: (1) a deceptive business practice; (2) causation; and (3) damages.[6] Plaintiffs must also demonstrate that a "reasonable consumer" is likely to be misled by the statement. *Piescik v. CVS Pharm., Inc.*, 576 F. Supp. 3d 1125, 1132-34 (S.D. Fla. 2021).[7] As set forth below, Plaintiffs have failed to plead facts sufficient to state any of the Consumer Protection Claims. As such, Counts I-IV must be dismissed.

### A.   Plaintiffs Have Not Adequately Pled Facts in Support of Any of Their Claims Under Either Rule 9(b) or Rule 8(a) (Counts I-V)

All of Plaintiffs' claims sound in fraud and are thus subject to Rule 9(b). *Jackson*, 2021

---

[6] *Baptist Hosp., Inc. v. Baker*, 84 So. 3d 1200, 1204 (Fla. Dist. Ct. App. 2012) ("[T]o assert a claim for damages under FDUTPA, the plaintiff must establish '(1) a deceptive act or unfair practice,; (2) causation; and (3) actual damages.'"); *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 148 (S.D.N.Y. 2022) (To state GBL § 349 claim, "Plaintiff must show 'first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act.'"); *Reitman v. Champion Petfoods USA, Inc.*, 2019 WL 7169792, at \*7 (C.D. Cal. Oct. 30, 2019) (same).

[7] *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 160-161 (S.D.N.Y. Feb. 11, 2021).

WL 3666312, at *12 (Bloom, J.) ("[B]ecause Plaintiffs' FDUTPA claim sounds in fraud, the Rule 9(b) heightened pleading requirements apply."); *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery*, 278 F. Supp. 3d 1307, 1327 (S.D. Fla. 2017) ("Where a claim is grounded in fraud, the complaint must also comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)."). Here, the crux of Plaintiffs' claims is that lululemon "*knowingly* and *intentionally* misrepresent[ed] and conceal[ed] and/or fail[ed] to disclose material facts regarding the sustainability and environmental impact of [its] actions and products." AC ¶¶ 131, 148, 161, 173 (emphasis added); *see also id.* ¶¶ 134, 151, 165, 176.[8]

The Amended Complaint falls far short of the pleading the "who, what, when, where, and how" of the alleged misconduct, as required by Rule 9(b). *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). For each Plaintiff, the Amended Complaint only states in a boilerplate fashion that he or she "relied on [l]ululemon's deceptive and misleading marketing messages in deciding to purchase its products." AC ¶ 20; *see also id.* ¶¶ 21-27. Not one of the Plaintiffs ever pleads: which of the alleged misrepresentations they saw; when they allegedly saw the alleged misrepresentations; when they purchased or paid more for lululemon products as a result of the alleged misrepresentations; which lululemon products they allegedly purchased; or how much they purportedly paid or overpaid for these products. Further, Plaintiffs do not allege when or where many of the alleged misrepresentations were even made. *See, e.g.*, *id.* ¶¶ 77, 88-89, 97-99, 109. The failure to plead these fundamental factual allegations is fatal. *PB Prop. Mgmt. v. Goodman Mfg. Co.*, 2013 WL 12172912, at *7 (M.D. Fla. Aug. 28, 2013) (dismissing FDUTPA claim where no allegations of when Plaintiff "viewed the alleged misrepresentations on [] website").

Plaintiffs' allegations also fail to satisfy Rule 8's plausibility standard. Rule 8(a) demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Plaintiffs must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1292 (11th Cir. 2010). Plaintiffs' theory is facially implausible. To sidestep the binding arbitration provision in lululemon's Terms of Use, Plaintiffs have limited their claims to purchases at brick-and-mortar lululemon stores, AC ¶¶ 20-27, but the challenged statements are online. *Id.* ¶¶ 55-111. Moreover,

---

[8] A FDUTPA claim is "clearly based on fraud" when a defendant is alleged to "purposefully and systematically [make] affirmative misrepresentations and [] omissions of material information." *Perret*, 846 F. Supp. 2d at 1333.

all but one of the statements, *id.* ¶ 109 n.115, are on lululemon's corporate website (corporate.lululemon.com) and not the shop.lululemon.com website where consumers can purchase products. Plaintiffs do not allege any facts explaining how seven named plaintiffs who purchased products exclusively in-store reviewed and relied on exclusively online statements, and the assertion that seven separate in-store purchasers all relied on the same online statements primarily on the corporate website defies common sense. At bottom, the Amended Complaint boils down to "an unadorned, the-defendant-unlawfully-harmed-me accusation" that does not suffice to state a claim. *Webb v. 1300 S. Miami Emp., LLC*, 2022 WL 2528624, at *3 (S.D. Fla. July 7, 2022). On this ground alone, the Court should dismiss all of Plaintiffs' claims.

**B.      Plaintiffs Fail to Adequately Allege Any Actionable Deception (Counts I-V)**

The Consumer Protection Claims are governed by the "reasonable consumer" test. *Piescik*, 576 F. Supp. 3d at 1132-35. To state a claim based on an affirmative misrepresentation under each of the Consumer Protection Claims, Plaintiffs must plead "a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp.*, 480 F.3d 1281, 1284 (11th Cir. 2007).[9] Plaintiffs do not meet this burden. As explained above, the statements that Plaintiffs challenge fall into two categories: (1) statements about forward-looking environmental goals and progress towards those goals ("Category 1 Statements"), *see* AC ¶¶ 5, 58, 67, 87-88, 92, 94, 97-99, 101, 106, 111; and (2) statements that lululemon is committed and contributing to a healthier planet based on the work it is doing in furtherance of its goals ("Category 2 Statements"), *see id.* ¶¶ 2, 5-6, 56-60, 71, 76-81, 87-93, 100, 107-09. As detailed below, the Consumer Protection Claims fail as a matter of law.

**1.      lululemon's Statements are Inactionable Goals**

The Category 1 Statements are inactionable forward-looking statements. While Plaintiffs attempt to pass off its environmental targets as "promises" that are deceptive if not met, *see, e.g.*, AC ¶¶ 5, 8, 110, lululemon has been clear that they are goals. For example, Plaintiffs identify the following statements as false or misleading: that lululemon has "[a] . . . long-term strategy to become a more sustainable . . . business [and] minimize its environmental impact;" "100% of the Company's products will include sustainable materials and end-of-use solutions by 2030;" and lululemon seeks to "reduce carbon emissions across its global supply chain by 60% per unit of

---

[9] *See also Angiano v. Anheuser-Busch InBev Worldwide*, 532 F. Supp. 3d 911, 918-19 (C.D. Cal. 2021); *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000).

value added . . . by 2030." *Id.* ¶¶ 5 (quoting Ex. A), 58. But these statements are unmistakably targets—not promises. Indeed, the lululemon disclosures that Plaintiffs allegedly reviewed all repeatedly refer to these targets as "goals" and include variations of an explanation that "[t]he realization of [lululemon's] goals, expectations, plans, and strategies, and the accuracy of [its] assumptions, are subject to a number of risks and uncertainties that could cause actual results to differ materially from those described[.]" Ex. C at 66. No reasonable consumer would confuse these targets for promises. *Nivia v. Nationstar Mortg.*, 2014 WL 4146889, at *6 (S.D. Fla. Aug. 21, 2014) ("Plaintiffs cannot claim, nor do they offer any facts, that a reasonable consumer in the same circumstances would have taken Defendant's stated 'goal' as a guarantee.").[10] In any event, Plaintiffs do not allege that these goals are not, in fact, the goals that lululemon genuinely held at the time of the alleged misrepresentation.

Nor do Plaintiffs' allegations concerning lululemon's accurate progress updates towards its goals establish deception. AC ¶¶ 105-06. The Amended Complaint does not contain a single allegation that lululemon failed to meet any of the goals identified. Nor does the Amended Complaint plead facts alleging that lululemon will be unable to do so in the future. Instead, Plaintiffs' theory of deception is premised on lululemon's *accurate* public disclosures reflecting its progress towards its Scope 1, 2, and 3 emissions targets. As an initial matter, even if lululemon's updates showed that the targets will not be met (which they do not), that self-evidently says nothing about whether the targets were false when made; *i.e.*, that lululemon set the targets knowing that they would not be met. *Rodriguez v. JPay, Inc.*, 2019 WL 11624312, at *7 (S.D. Fla. Oct. 21, 2019) (dismissing FDUTPA claim where plaintiff failed to allege an advertisement made a promise that defendant did not intend to keep). Further, as lululemon disclosed and Plaintiffs concede, lululemon met and exceeded its Scope 1 and 2 emissions targets early, which it always disclosed comprised a small percentage of its overall emissions. *See* Ex. C at 44. As to its Scope 3 emissions

---

[10] Plaintiffs also challenge as deceptive lululemon's statement that it is "on track to make 100% of [its] products with sustainable materials by 2030" because, according to Plaintiffs, lululemon does not disclose "the extent of 'sustainable' material that will be used in each product." AC ¶¶ 88, 94. This statement, like other Category 1 Statements, concerns a goal discussed in lululemon's Impact Reports. Plaintiffs do not identify whether they are quoting from the 2020, 2021, or 2022 Impact Report; regardless, their challenge to the statement fails. Directly contrary to Plaintiffs' assertion, in connection with the specific statements concerning the 2030 sustainable (or preferred) materials goal that Plaintiffs challenge, lululemon plainly defines the percentages of sustainable materials in each product that count towards the goal. *See* Ex. C at 35; Ex. D at 55.

target, lululemon has consistently disclosed the progress it has made towards this goal and Plaintiffs do not dispute the accuracy of the metrics that lululemon reports. Further, lululemon continues to make significant progress. Most recently, lululemon disclosed a 31% reduction in its Scope 3 emissions, due in part to decreased production. Ex. E at 11, 13. These accurate progress updates do nothing to establish that lululemon's targets were false when made or even that lululemon will be unable to meet any targets in the future. In any event, falling short of a goal does not plausibly deceive any consumer—that possibility is inherent in the very nature of a goal.

Further, to the extent that Plaintiffs argue that lululemon's Scope 1, 2, and 3 emissions targets are misleading given the "problems and controversial nature of 'intensity-based' emission reduction targets," AC ¶ 104, their claims still fail as a matter of law. Allegations premised on Plaintiffs' disagreements with standards or methodologies cannot form the basis for their claims. *Lee v. Can. Goose*, 2021 WL 2665955, at *6 (S.D.N.Y. June 29, 2021) ("The alleged inadequacy of the standards imposed is not enough to render the statements actionable."); *Dwyer*, 598 F. Supp. 3d at 151 ("There may well be room for improvement in the [carbon footprint calculator], but that does not suggest that reliance on the current standard is deceptive."). That Plaintiffs believe lululemon "should use a different method" for measuring emissions "does not plausibly suggest that what [the Company] in fact says is materially misleading." *Dwyer*, 598 F. Supp. 3d at 150.[11] And, as set forth above, in the disclosures that Plaintiffs rely upon, the Company has consistently made clear that its goal is a 60% intensity reduction by 2030.

Lastly, merely because the apparel industry as a whole is purportedly harmful to the environment does not establish actionable deception by lululemon. Instead of alleging specific facts demonstrating wrongdoing by lululemon, the Amended Complaint devotes page after page to alleging the harm that the apparel industry does to the environment, only to then make the false equivalence that lululemon too must be harming the environment. AC ¶¶ 8, 31-41. Courts routinely reject such broad generalizations about entire industries. *Podpeskar v. Dannon Co.*, 2017 WL 6001845, at *4 (S.D.N.Y. Dec. 3, 2017); *Dwyer*, 598 F. Supp. 3d at 152 ("[A]llegations that the [wool] industry as a whole deceives consumers do not satisfy Plaintiff's burden to allege that a

---

[11] Plaintiffs also suggest that lululemon's statement that it is "converting to recycled polyester and nylon in its products" is misleading because "experts do not consider these products to be a truly sustainable alternative[.]" AC ¶ 111 (quoting Ex. D at 55). Plaintiffs' disagreement with the nature of lululemon's environmental efforts does not render its accurate updates deceptive.

specific advertisement or statement by Defendant would mislead a reasonable consumer as to the Product.").[12] Plaintiffs' other false equivalencies similarly fail. For example, Plaintiffs allege that merely because lululemon's supply chain intersects with Southeast Asia, it must be harmful as Southeast Asia has large greenhouse emissions, and thus lululemon's statements about its environmental goals and progress were misleading. AC ¶¶ 66, 83; Ex. G at 5. These unsupported and implausible allegations should also be disregarded.[13]

### 2. lululemon's Statements Were Approved by a Neutral Third-Party

Plaintiffs' theory of deception for the Category 1 Statements also fails because lululemon's emissions targets were developed and approved by a neutral third-party. Plaintiffs identify as false or misleading lululemon's goal to "reduce carbon emissions across its global supply chain by 60% per unit of value added . . . by 2030." AC ¶ 58 (quoting Ex. A at 3). However, Plaintiffs ignore that when it first announced its emissions targets, lululemon unambiguously explained that the targets were established and approved by the neutral Science Based Target initiative. *See* Ex. B at 33. In fact, lululemon and the SBTi specifically developed these targets together in accordance with the Paris Climate Agreement. *See id.* Without allegations of wrongdoing by the SBTi—of which there are none—Plaintiffs cannot plausibly establish that lululemon's approved targets and related statements were deceptive. *Swartz v. Coca-Cola Co.*, 2023 WL 4828680, at *4 (N.D. Cal. July 27, 2023) (dismissing false-advertising claims where "the consumer deception alleged," was "tied to forces and circumstances well beyond defendants' control"); *Myers v. Starbucks*, 2020 WL 13302437, at *4 (C.D. Cal. July 29, 2020) (dismissing claims challenging statement about partnership with "Cocoa Horizons" because an accurate description of a partnership with third-party certifiers did "not promise a perfect solution").

---

[12] Plaintiffs notably ignore that in the very same reports they challenge, lululemon repeatedly embraced that the industry as a whole requires change and explained its efforts in the context of the rest of the industry. *See* Ex. B at 25, 27, 30-33, 37; Ex. D at 2, 52, 54, 70-71.

[13] Plaintiffs also allege that lululemon is "environmentally harmful" because, in 2022, it used a "more aggressive air freight strategy" than three competitors, AC ¶¶ 70-71, "rel[ies] on . . . materials that are produced from fossil fuels[,]" *id.* ¶ 84, "used more than 29 billion liters of freshwater in 2022," *id.* ¶ 85, releases unspecified "amounts of microplastics into the planet's . . . waters . . . [,]" *id.*, and "relies heavily on synthetic fabrics in its products," *id.* ¶ 111. But Plaintiffs plead no allegations explaining how these alleged actions—all of which are copied directly from lululemon's annual Impact Reports disclosing its goals and progress—could mislead a reasonable consumer about lululemon's goals and progress.

### 3.   lululemon's Statements Are Too Subjective to be Actionable

The Category 2 Statements are too subjective and/or immeasurable to be actionable. *See, e.g.*, AC ¶¶ 76-79, 87, 89, 98, 100, 108-109. Statements that cannot be "empirically verifi[ed]" or "affirmatively proven or disproven" are inactionable. *Fineman v. Ferragamo USA Inc.*, 672 F. Supp. 3d 1302, 1311-12 (S.D. Fla. 2023). *First*, Plaintiffs assert that lululemon's use of environmental imagery is deceptive, identifying "[p]ictures of rivers, healthy forests and nature." AC ¶ 81. However, this imagery makes no statement of fact and would not mislead a reasonable consumer as a matter of law. *Dwyer*, 598 F. Supp. 3d at 151-53 (depictions of "happy sheep" in "pastoral settings" are not actionable); *Myers-Taylor v. Ornua Foods N. Am*., 2019 WL 424703, at *5 (S.D. Cal. Feb. 4, 2019) (images of "happy grass-fed cows" eating grass were "generalized statements . . . so exaggerated as to preclude reliance by consumers.").

*Second*, Plaintiffs assert that lululemon's statements about a healthy and/or healthier environment are deceptive. For example, Plaintiffs identify lululemon's statements that it "help[s] create a healthier future," "contribute[s] to a healthier environment," and "contribute[s] to restoring a healthy planet." AC ¶¶ 78 (quoting Ex. D at 46), 79 (quoting Ex. B at 25), 87 (quoting Ex. H at 1), 108 (quoting Ex. B at 25). Each of these statements is subjective and immeasurable, and would not deceive a reasonable consumer. *Dwyer*, 598 F. Supp. 3d at 153-54 (finding phrase "'The Good Life' is a subjective, non-specific, unmeasurable, and vague statement"); *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 241 (S.D.N.Y. 2020) (the phrase "BETTER LIVES FOR HENS MEAN BETTER EGGS FOR YOU" is not actionable because it "[does] not provide any concrete representations").

*Third*, Plaintiffs assert that lululemon's statements about striving to make the best products are deceptive. For example, Plaintiffs identify statements that lululemon is committed to making "products that are better in every way for people and the planet." AC ¶ 87 (quoting Ex. H at 1); *see also id.* ¶¶ 77, 78 (quoting Ex. D at 46), 109. These statements are "simply too vague for a reasonable consumer to rely on [them] in any material way." *Leonard v. Abbott Labs, Inc.*, 2012 WL 764199, at *22 (E.D.N.Y. Mar. 5, 2012). *Fourth*, Plaintiffs assert that lululemon's statements that it is "actively working to help create a healthier future" through its "Like New" recommerce initiative are deceptive because they "overemphasize the company's environmental harm reduction efforts by [highlighting] the relatively minor harm reduction benefits" of the initiative. AC ¶¶ 87 (quoting Ex. H at 1), 90. As explained above, these statements are too subjective to be

actionable. Further, Plaintiffs do not allege that the initiative is harmful to the environment. To the contrary, they concede that it may reduce the amount of "[l]ululemon apparel products that will end up in landfills." *Id.* ¶ 93. The Court should thus dismiss the Consumer Protection Claims.

### 4. lululemon's Statements are Contextualized

Plaintiffs' allegation that lululemon's statements would deceive a reasonable consumer further fail Rule 8's plausibility standard given the considerable qualifications and explanations that lululemon provides for those statements. Plaintiffs selectively excerpt lululemon's statements, divorcing them from all accompanying disclosures and context. In evaluating whether a statement is deceptive, however, the Court "should take into account all the information available to consumers and the context in which that information is provided and used." *Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228, 1243 (S.D. Fla. 2021). "[W]hether a representation is likely to mislead reasonable consumers[], must be determined 'by viewing it as a whole, without emphasizing isolated words or phrases apart from their context.'" *FTC v. Peoples Credit First*, 2005 WL 3468588, at *6 (M.D. Fla. Dec. 18, 2005). Plaintiffs cannot ignore the "evidence plainly before" them. *Kommer v. Bayer*, 252 F. Supp. 3d 304, 311-12 (S.D.N.Y. 2017) ("Assuming that a reasonable consumer might ignore the evidence plainly before him attributes to consumers a level of stupidity that [courts] cannot countenance and that is not actionable.").

Here, lululemon consistently contextualized the statements at issue, precluding a reasonable consumer from being deceived. Regarding the Category 1 Statements, lululemon always made clear that its targets were goals, and that its environmental efforts were in furtherance of those goals. *See supra* Section III.B.1. Regarding the Category 2 Statements, lululemon always provided a detailed explanation of the basis underlying each statement. For example, Plaintiffs challenge the statements in its 2020 Impact Summary, such as: "Our lives are one with the health of the planet. Our products and actions avoid environmental harm and contribute to restoring a healthy planet." AC ¶ 76 (quoting Ex. I at 9). However, Plaintiffs ignore the fact that on the very same page, lululemon explains the specific efforts it is taking to "avoid environmental harm and contribute to restoring a healthy planet." Ex. I at 9. Plaintiffs do not allege that any of this accompanying context is deceptive. As such, Plaintiffs have not plausibly alleged any deception. *See Lizama v. H&M Hennes & Mauritz LP*, 2023 WL 3433957, at *6 (E.D. Mo. May 12, 2023) (dismissing consumer protection claims when defendant "provides consumers with copious amounts of [clarifying] information . . . on its website, which [plaintiff] alleges that he reviewed

prior to purchasing"); *Taylor v. Homecomings Fin.*, 738 F. Supp. 2d 1257, 1266 (N.D. Fla. 2010) ("[T]his statement, viewed in isolation, could be deemed misleading. But the statements cannot properly be viewed only in isolation. They were, instead, parts of a note and program disclosure that repeatedly and accurately emphasized the possibility and import of negative amortization. Nobody could have read these documents without understanding full well the essence of the transaction."); *Kuenzig v. Kraft Foods*, 2011 WL 4031141, at *9 (M.D. Fla. Sept. 12, 2011).

### C.      Plaintiffs Do Not Adequately Plead Reliance or Causation (Counts I-IV)

Claims brought under the UCL and CLRA require a showing of actual reliance by the named plaintiffs. *Hall v. SeaWorld Ent.*, 2015 WL 965991, at *28 (S.D. Cal. Dec. 23, 2015) (UCL and CLRA claims "require allegations of actual reliance, at least by the named plaintiffs, for those plaintiffs to have standing"). Although reliance is not an element of Plaintiffs' FDUTPA and NYGBL claims, "[s]till, causation is a necessary element of [Plaintiffs' Consumer Protection Claims], and causation must be direct, rather than remote or speculative." *Lombardo v. J&J Consumer Cos*., 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015); *Dobkin v. HUB Int'l*, 222 A.D.3d 583, 583-84 (1st Dep't 2023). To satisfy their burden of pleading causation, Plaintiffs must demonstrate that challenged "practice was likely to deceive a consumer acting reasonably in the same circumstances." *Cold Stone Creamery v. Lenora Foods*, 332 F. App'x 565, 567 (11th Cir. 2009).[14] Here, Plaintiffs do not allege: which, if any, saw the challenged statements; when each saw the statements; or when each purchased lululemon products as a result of the statements. Plaintiffs also fail to allege when many of these representations were even made. *See, e.g.*, AC ¶¶ 77, 88-89, 97-99, 109. Without these allegations, Plaintiffs have not met their burden of adequately pleading that they purchased lululemon products due to any specific lululemon statements. *Justice v. Rheem Mfg. Co.*, 318 F.R.D. 687, 697 (S.D. Fla. 2016) (no causation because "many consumers do not review central AC system product brochures or the websites of AC manufacturers, and thus would be unlikely to be exposed to a disclosure of an alleged defect").[15] As such, Plaintiffs cannot satisfy the reliance element for the UCL and CLRA claims, or the causation element for the FDUTPA and NYGBL claims.

---

[14] *In re KIND LLC "Healthy & All Nat." Litig.*, 209 F. Supp. 3d 689, 697 (S.D.N.Y. 2016); *Collyer v. Catalina Snacks Inc.*, 712 F. Supp. 3d 1276, 1284-85 (N.D. Cal. 2024).

[15] *In re KIND*, 209 F. Supp. 3d at 697 (same with NYGBL); *Salas v. Whirlpool*, 2024 WL 694067, at *8 (C.D. Cal. Jan. 24, 2024) (same with CLRA and UCL).

### D.      Plaintiffs' Consumer Protection Claims Fail for Additional Reasons

In addition to the aforementioned deficiencies applicable to all of the Consumer Protection Claims, Plaintiffs' NYGBL, UCL, and CLRA claims also fail for other independent reasons.

### 1.      Plaintiffs' NYGBL Claim Fails Because the Only New York Plaintiff Does Not Allege a Deceptive Transaction Occurred in New York (Count II)

The plain language of the NYGBL makes clear that it only applies to "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." NYGBL § 349(a). To state a claim under the NYGBL, "the transaction in which the consumer is deceived must occur in New York." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 (2002). Here, the sole New York Plaintiff Reese alleges only that she purchased lululemon products at "[l]ululemon's location in Hoboken, New Jersey." AC ¶ 26. This is fatal to the NYGBL claim. *See Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 519 (S.D.N.Y. 2015) (where "the deception is alleged to have affected consumers nationwide," "the underlying unlawful transaction affecting [plaintiff must be] completed in [New York]"). The mere fact that Plaintiff Reese is a New York resident does not salvage the claim. Courts evaluating NYGBL claims repeatedly note that the "analysis does not turn on the residency of the parties" since "the intent is to protect consumers in their transactions that take place in New York State[.]" *Goshen*, 98 N.Y.2d at 325. As such, the Court should dismiss Plaintiffs' NYGBL claim.

### 2.      Plaintiffs Fail to Adequately Plead Any Violation of the UCL (Count IV)

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." *Kearns v. Ford Motor*, 567 F.3d 1120, 1127 (9th Cir. 2009). Plaintiffs vaguely assert claims under all three UCL prongs, but fail to plead facts sufficient to state a claim under any of them.

*First*, Plaintiffs' "unlawful" prong UCL claim falls with their Consumer Protection Claims. "If unable to state a claim for the underlying offense, the plaintiff similarly cannot state a claim under UCL for unlawful practices." *Vargas v. JP Morgan Chase Bank*, 30 F. Supp. 3d 945, 952 (C.D. Cal. 2014). Because Plaintiffs have failed to state the predicate Consumer Protection Claims, their unlawful prong claim also fails. *Second*, Plaintiffs' "fraud" prong claim fails for the reasons set forth above, including because they have failed to plead fraud with particularity, have not adequately alleged that Plaintiffs read any of lululemon's statements prior to their purchases, and have not identified any actionable statements. *See supra* Section III.A-C; *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *13-14 (N.D. Cal. July 7, 2015). *Third*, Plaintiffs' "unfair" prong claim

fails because their conclusory references to vague "unfair" business practices and "unfair competition" fall well short of pleading facts sufficient to establish unfairness under the tests adopted by California courts. AC ¶¶ 174-75, 180. "Courts have applied three different standards in assessing claims brought under the 'unfair' prong of the UCL: (1) the balancing test; (2) the tether test; and (3) the FTC test." *Prince-Weithorn v. GMAC Mortg., LLC*, 2011 WL 11651984, at *7 (C.D. Cal. May 5, 2011). Here, Plaintiffs do not allege facts sufficient to demonstrate unfairness under any of these tests. Plaintiffs do not allege that the harm incurred outweighs the utility of lululemon's conduct, nor do they allege that the purported unfairness is "tethered to some legislatively declared policy." *Palmer v. Apple Inc.*, 2016 WL 1535087, at *6 (N.D. Cal. Apr. 15, 2016). Not only is this pleading deficiency fatal, but any such punishment of lululemon's transparency efforts would have the perverse effect of discouraging environmental efforts and transparency about any such efforts. *Levitt v. Yelp! Inc.*, 2011 WL 5079526, at *9 (N.D. Cal. Oct. 26, 2011) (dismissing UCL claim where no allegations the conduct was "unfair" under any test). For these reasons, Plaintiffs' UCL claim fails under each of the unlawful, fraudulent, and unfair prongs. As such, the Court should dismiss Plaintiffs' UCL claim.

### 3. The Court Lacks Jurisdiction to Grant Plaintiffs Equitable Relief Pursuant to Their UCL Claim (Count IV)

Plaintiff Roya Sayied's demand for equitable restitution in connection with her UCL claim should be dismissed because she has not alleged that she lacks an adequate remedy at law. The UCL is "equitable in nature." *In re Mednax*, 603 F. Supp. 3d 1183, 1216 (S.D. Fla. 2022). As such, Plaintiff Sayied must allege that she lacks an adequate remedy at law. *See id.* (citing *Sonner v. Premier Nut. Corp.*, 971 F.3d 834, 839 n.2, 844 (9th Cir. 2020)). The relevant inquiry is whether a plaintiff has plausibly alleged the inadequacy of legal remedies for each claim for equitable relief that they seek. *See id.* Here, Plaintiff Sayied makes no attempt to allege that the damages she seeks in connection with her other claims, including her CLRA claim, are inadequate. As such, Plaintiff Sayied's demand for equitable relief should be dismissed.

### 4. Plaintiffs Do Not Satisfy the CLRA Pleading Requirements (Count III)

The CLRA prescribes specific pleading requirements mandating that a plaintiff provide pre-suit notice and file an affidavit concerning the proper venue. Specifically, to avoid dismissal, a plaintiff must: (1) provide statutory notice at least 30 days "prior to the commencement of an action for damages" and (2) file an affidavit showing that venue is proper. Cal. Civ. Code §§ 1780(d), 1782(a); *In re Mednax Servs.*, 603 F. Supp. 3d at 1229 (dismissing CLRA claim because

plaintiff did not comply with pre-suit notice requirements); *Steiner v. Vi-Jon Inc.*, 2024 WL 1181002, at *6 (N.D. Cal. Mar. 18, 2024) (dismissing CLRA claim where failure to submit a venue affidavit with the complaint). Here, Plaintiff Sayied does not allege that she provided the requisite pre-suit notice, nor did Sayied attach the venue affidavit to the Amended Complaint. These deficiencies also require dismissal of the CLRA claim.

### 5. Plaintiffs Cannot Pursue a Nationwide FDUTPA Claim (Count I)

Plaintiffs' attempt to assert a nationwide FDUTPA claim against lululemon, which they acknowledge is not a Florida company, fails as a matter of law. Certain Florida courts have found that FDUTPA claims can only be applied to in-state consumers, and thus there can be no nationwide FDUTPA class. *Dolan v. JetBlue Airways Corp.*, 385 F. Supp. 3d 1338, 1355 (S.D. Fla. 2019) (dismissing nationwide FDUTPA class allegations because "nationwide class treatment is not appropriate for" FDUTPA); *Hutson v. Rexall Sundown, Inc.*, 837 So.2d 1090, 1093-94 (Fla. Dist. Ct. App. 2003). Under this approach, Plaintiffs here clearly cannot bring FDUTPA claims on behalf of a nationwide class. Other Florida courts have permitted out-of-state consumers to assert a FDUTPA claim "where the allegations [ ] reflect that the offending conduct occurred entirely within [the] state." *Millennium v. Off. of Att'y Gen.*, 761 So. 2d 1256, 1262 (Fla. Dist. Ct. App. 2000). Here, however, Plaintiffs allege no facts that lululemon's challenged conduct occurred entirely within Florida. To the contrary, Plaintiffs allege that lululemon made the purported misrepresentations "on its website," and "throughout its hundreds of retail stores" across the country. AC ¶ 7. As such, the Court should dismiss Plaintiffs' nationwide FDUTPA claim.

### 6. Certain Plaintiffs' Consumer Protections Claims Are Barred by Statutes of Limitations (Counts II-III)

Certain of Plaintiffs' Consumer Protection Claims are barred by the applicable statutes of limitations. The NYGBL and CLRA each have a 3-year statute of limitations, which begin to accrue upon consumers' purchase of the product at issue. *Plumlee v. Pfizer, Inc.*, 2014 WL 695024, at *6 (N.D. Cal. Feb. 21, 2014); *Gould v. Helen of Troy Ltd.*, 2017 WL 1319810, at *2-3 (S.D.N.Y. Mar. 30, 2017). The putative nationwide and state subclasses include all persons who purchased lululemon products "since October 28, 2020"—nearly four years before the complaint was filed. AC ¶ 112. Thus, the NYGBL and CLRA claims of Plaintiffs Reese and Sayied, and the putative class members, are time barred to the extent their alleged purchases occurred before July 12, 2021.

### IV. PLAINTIFFS FAIL TO STATE AN UNJUST ENRICHMENT CLAIM (COUNT V)

Plaintiffs' unjust enrichment claim should be dismissed for several reasons. ***First***, the claim

is subject to Rule 9(b) and premised on the same deficient theory of deception as the Consumer Protection Claims. *Jackson*, 2021 WL 3666312, at *8. For the same reasons the Consumer Protection Claims fail, Plaintiffs' unjust enrichment claim also fails. **Second**, "[u]njust enrichment is an equitable cause of action that is unavailable where the underlying wrongs are properly addressed by a legal remedy." *Licul v. Volkswagen*, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013). While a plaintiff may plead unjust enrichment as an alternative theory to a legal cause of action, "it is not a true alternative theory of relief . . . where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action." *Id.* Here, Plaintiffs' unjust enrichment claim is no more than "a vague catch-all" that "merely restates [Plaintiffs'] other cause[] of action" under the Consumer Protection Claims. *Id.* "Plaintiffs make no effort to distinguish the 'misconduct' and 'unfair and deceptive conduct' supporting their unjust enrichment claim from the alleged wrongdoing underlying their FDUTPA claim." *Id.* Thus, if lululemon's statements were deceptive, Plaintiffs' appropriate legal remedy is under FDUTPA. *Guerrero v. Target*, 889 F. Supp. 2d 1348, 1356-57 (S.D. Fla. 2012). **Third**, Plaintiffs' nationwide unjust enrichment claim fails as a matter of law. Courts routinely dismiss purported unjust enrichment claims at the pleading stage because variations in law among the fifty states "swamp any common issues and defeat predominance." *Dolan*, 385 F. Supp. 3d at 1355 (dismissing nationwide unjust enrichment claim). **Fourth**, certain Plaintiffs' unjust enrichment claims are barred by the applicable statutes of limitations. The unjust enrichment claims for the New York and California subclasses are subject to three and two-year statutes of limitations, respectively. *Ingrami v. Rovner*, 45 A.D.3d 806, 808 (2d Dep't 2007); *Bettles v. Toyota Motor*, 2022 WL 1619337, at *2 (C.D. Cal. May 23, 2022). As such, the unjust enrichment claims of Plaintiffs Reese and Sayied, and the putative members of the New York and California subclasses, are time barred to the extent their alleged purchase occurred before July 12, 2021 and July 12, 2022, respectively.

## V.     PLAINTIFFS LACK STANDING TO PURSUE PROSPECTIVE INJUNCTIVE RELIEF (COUNTS I-IV)

Plaintiffs lack standing for their demand for injunctive relief "to end [Defendants'] marketing campaign" and have lululemon "conduct corrective advertising" because they have not alleged any imminent threat of being harmed again in a similar manner. AC ¶¶ 1, 5, 141, 154, 168. "The 'injury-in-fact' demanded by Article III requires an additional showing when injunctive relief is sought." *Houston v. Marod*, 733 F.3d 1323, 1328 (11th Cir. 2013). "In addition to past injury, a plaintiff seeking injunctive relief 'must show a sufficient likelihood that [they] will be affected by

the allegedly unlawful conduct in the future.'" *Id.* "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows 'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.'" *Id.* at 1329. So-called "some day" intentions (*i.e.*, professions of intent or aspirations to, in this case, purchase a product again in the future), "without any description of concrete plans, or indeed even any specification of *when* the some day will be[,] do not support a finding of the 'actual or imminent' injury" required to demonstrate standing to seek prospective injunctive relief. *Lujan*, 504 U.S. at 564.

Plaintiffs' allegation that they "would like to purchase sustainable and environmentally friendly products" from lululemon is insufficient. AC ¶ 140. Not only do Plaintiffs fail to allege they are at risk of being injured in the future, but they admit they are now aware of the purported deception and injury. *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1254 (11th Cir. 2023) (allegation that plaintiffs "would like to purchase Defendants' [brain performance supplements] if they truly improved brain performance" was insufficient); *Piescik*, 576 F. Supp. 3d at 1131 ("[I]t is hard to imagine how Plaintiff could possibly be harmed in the future since he is now acutely aware that Defendant's hand sanitizer kills only 99.99% of many common harmful germs and bacteria found on the hands, not 99.99% of all germs in existence."). The Court should thus dismiss Plaintiffs' demand for prospective injunctive relief.

## **CONCLUSION**

For the foregoing reasons, Defendants request that the Court dismiss the Amended Complaint in its entirety.

Dated: September 30, 2024

/s/ Pravin R. Patel
Pravin R. Patel
Florida Bar No. 0099939
**Weil, Gotshal & Manges LLP**
1395 Brickell Ave, Suite 1200
Miami, FL 33131
Tel: (305) 577-3100
Pravin.Patel@weil.com

Caroline H. Zalka (admitted *pro hac vice*)
Amber N. Venturelli*
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10053
Tel: (212) 310-8527
Caroline.Zalka@weil.com
Amber.Venturelli@weil.com

David R. Singh*
Morgan D. MacBride*
**Weil, Gotshal & Manges LLP**
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Tel: (650) 802-3000
David.Singh@weil.com
Morgan.MacBride@weil.com


* *Pro Hac Vice* Forthcoming

*Attorneys for Defendants lululemon*
*athletica inc. and lululemon usa inc.*

**<u>REQUEST FOR HEARING</u>**

Pursuant to Local Rule 7.1(b)(2), lululemon respectfully requests oral argument on this motion. As detailed above, this case involves myriad legal issues and statutory schemes, and lululemon believes oral argument would further the Court's understanding of the multiple grounds for dismissal. lululemon submits that thirty minutes per side would be sufficient for the Parties to argue the issues presented.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 30, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

Dated: September 30, 2024

*/s/  Pravin R. Patel*
Pravin R. Patel
Florida Bar No. 0099939
**Weil, Gotshal & Manges LLP**
1395 Brickell Ave, Suite 1200
Miami, FL 33131
Tel: (305) 577-3100
Pravin.Patel@weil.com

23